UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KIMBERLY ARMSTRONG, ET AL.                    CIVIL ACTION

VERSUS

BIOTRONIK, INC.                              NO. 21-00600-BAJ-RLB

## RULING AND ORDER

Before the Court is Defendant Biotronik, Inc.'s **12(b)(6) Motion To Dismiss For Failure To State Claim and 12(b)(3) Motion To Transfer Venue (Doc. 5)**. The parties "have conferred and reached an agreement with respect to the disposition of Defendant's motion, whereby [] Plaintiffs will agree to the requested transfer of the matter to the United States District Court for the Western District of Louisiana, with the transferee court to direct further proceedings on [Defendant's] Rule 12(b)(6) motion to dismiss." (Doc. 7).

Based on the parties' agreement and for the reasons stated below, the Court transfers this action to the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C. § 1404(a). Defendant's 12(b)(6) Motion to Dismiss For Failure To State Claim (Doc. 5) shall remain pending for disposition in the Western District of Louisiana.

## I.    BACKGROUND

Plaintiffs bring this wrongful death and survival action arising out of the death of their husband and father. (Doc. 1-2, ¶¶ 8–9). Plaintiffs allege the following. On September 19, 2017, Decedent underwent surgery for implantation of a "dual

chamber Automatic Implantable Cardioverter Defibrillator (AICD), secondary to ischemic cardiomyopathy with congestive heart failure." (*Id.* at ¶ 2). On August 27, 2020, Decedent began to experience fatigue and shortness of breath, and subsequently collapsed. (*Id.* at ¶ 3). Despite emergency medical treatment, Decedent passed away. (*Id.*).

Defendant Biotronik, Inc. manufactured, distributed, marketed, and sold the device implanted in Decedent. (*Id.* at ¶ 2). In March 2021, Biotronik issued a recall on several devices, including the device at issue here. (*Id.* at ¶ 4). Plaintiffs allege that Biotronik's negligence caused Decedent's injuries. (*Id.* at ¶ 5). Plaintiffs also assert claims against Biotronik's insurer. (*Id.* at ¶ 9).

Plaintiffs initially filed suit in the 19th Judicial District Court, Parish of East Baton Rouge, Louisiana. (Doc. 1-2). Thereafter, Biotronik removed this action to this Court. (Doc. 1). The parties now agree that this matter should be transferred to the United States District Court for the Western District of Louisiana. (Doc. 5; Doc. 7).

## II.  DISCUSSION

"[T]he moving party's choice of procedural mechanisms—Rule 12(b)(3) or § 1404(a)—does not dictate the court's choice of analytical tools." *LeBlanc v. C.R. England, Inc.*, 961 F. Supp. 2d 819, 827 (N.D. Tex. 2013) (citing 5B Wright & Miller, Federal Practice and Procedure § 1352, p. 131 (3d ed. Supp. 2013) (courts have rejected parties' motions to dismiss when § 1404(a) transfer is available, noting "a growing number" of federal courts have determined that § 1404(a) transfer is the "preferred method") (internal citations omitted); *see also In re Atlantic Marine Constr.*

2

*Co., Inc.*, 701 F.3d 736, 738 (5th Cir. 2012) ("[D]ismissal is inappropriate when transfer pursuant to § 1404(a) is available.")).

Since the filing of Defendant's Rule 12(b)(3) Motion, all parties have consented to the transfer of this matter to the U.S. District Court for the Western District of Louisiana. (Doc. 5; Doc. 7). 28 U.S.C. § 1404(a) provides that a district court may transfer a civil action to a district to which all parties have consented "for the convenience of parties and witnesses [and] in the interest of justice." Because all parties have consented to the transfer of this matter, the Court turns to whether convenience and the interest of justice clearly support transfer to the Western District of Louisiana.

Whether "a § 1404(a) venue transfer is for the convenience of parties and witnesses and in the interest of justice" is determined by applying "the private and public interest factors first enunciated in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)." *Id.* at 315.

> The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law."

> Although the *Gilbert* factors are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive. Moreover, ... none can be said to be of dispositive weight.

*Id.* (quotation marks, alterations, and citations omitted).

The Court finds that the private interest factors favor transfer to the Western District of Louisiana. First, there will be greater ease of access to sources of proof in the Western District, as Decedent's implantation surgery occurred in the Western District and Plaintiffs reside in the Western District. (Doc. 5-1, p. 14). Second, the Court finds that the availability of compulsory process tends to favor transfer because potential fact witnesses likely reside in the Western District. (*Id.*). Third, the cost of attendance for willing witnesses favors transfer. Witnesses within the Western District will face reduced costs of attending trial within the District. The fourth and final private interest factor of "all other practical problems that make trial of a case easy, expeditious and inexpensive," favors transfer for the same reasons, particularly given that the parties have agreed to try this matter in the Western District.

Turning to the public interest factors, the Court finds that two factors favor transfer and none disfavor transfer. First, the local interest in having localized interests decided at home favors transfer. Indeed, the facts giving rise to this case occurred in the Western District. Second, the Court notes that transfer to the Western District will alleviate Court congestion.[1]

---

[1] It is no secret that this District "labors under a high case load and a heavily congested docket. In fact, it was named the fourth busiest district in the United States based on 'weighted filings.'" *White Hat v. Landry*, 475 F. Supp. 3d 532, 555 (M.D. La. 2020). And while this District is also recognized among the three most productive district courts in the country, it remains true that cases are resolved at a faster rate in the Western District of Louisiana. *See* Middle District of Louisiana is Nation's 3rd Most Productive U. S. District Court (Feb. 19, 2019), *available at* https://www.lamd.uscourts.gov/news/middle-district-louisiana-3rd-most-productive-us-district-court-feb2019; *see also* Table C-5, U.S. District Courts– Median Time Intervals From Filing to Disposition of Civil Cases Terminated, by District and

4

Considering all relevant factors, the Court concludes that the interest of justice and judicial efficiency are best served by transferring this action to the Western District of Louisiana.

## III.    CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Biotronik, Inc.'s **12(b)(3) Motion To Transfer Venue (Doc. 5)** is **GRANTED IN PART** and **DENIED IN PART.** The Court finds dismissal pursuant to Federal Rule of Civil Procedure 12(b)(3) inappropriate but finds transfer appropriate pursuant to 28 U.S.C. § 1404(a).

**IT IS FURTHER ORDERED** that the above-captioned matter be and is hereby transferred to the United States District Court for the Western District of Louisiana.

**IT IS FURTHER ORDERED** that Defendant Biotronik, Inc.'s **12(b)(6) Motion To Dismiss For Failure To State Claim** shall remain pending for disposition before the United States District Court for the Western District of Louisiana.

Baton Rouge, Louisiana, this 17th day of May, 2022

**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

Method of Disposition, During the 12-Month Period Ending September 30, 2020, *available at* https://www.uscourts.gov/statistics/table/c-5/judicial-business/2020/09/30.